FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

2015 FEB 13 A 10: 13

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MICHAEL H. RYU,<br>Ryu & Ryu P.L.C.<br>301 Maple Avenue, #620<br>Vienna, VA 22180 | )<br>)<br>)<br>)<br>) |
|     Plaintiff,<br>v. | )<br>)   C.A. #1:15-cv- 202<br>) |
| WANDA F. BRYANT,<br>Warren County Treasurer<br>220 North Commerce Avenue, #800<br>Front Royal, VA 22630 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| WARREN COUNTY, VIRGINIA, | )<br>) |
| Serve: Douglas P. Stanley, County Administrator<br>     220 North Commerce Avenue, #800<br>     Front Royal, VA 22630 | )<br>)<br>)<br>) |
| and | )<br>) |
| DANIEL N. WHITTEN, Assistant Warren<br>  County Attorney<br>220 North Commerce Avenue, #100<br>Front Royal, VA 22630 | )<br>)<br>)<br>)<br>) |
|     Defendant. | )<br>) |

## COMPLAINT

### Preliminary and Jurisdictional Statement

1.  Michael H. Ryu is a Virginia lawyer. In May 2014, he was arrested in his Vienna

office because a client of his, a bankrupt corporation of which he was neither officer nor director

but merely registered agent, had failed to respond to debtors' interrogatories that defendants had

improperly served upon it, in disregard of the automatic stay previously imposed by the

bankruptcy court. He was taken from his office in handcuffs, to his mortification and to the

distress of his wife, who was also his law partner, and his office manager. The charges against

him, which were absurd as well as in contempt of the bankruptcy court, were eventually dropped.

Mr. Ryu's efforts to resolve these matters reasonably with the defendants having failed, he brings

suit for money damages against them. This action arises under the Fourth and Fourteenth

Amendments of the United States Constitution and 42 U.S.C. §1983. The court has jurisdiction

under 28 U.S.C. §1331. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Mr.

Ryu's state law claims of malicious prosecution and false arrest.

Parties

2. Plaintiff Michael H. Ryu is, and at all relevant times has been, a lawyer licensed to

practice in Virginia, practicing with his wife and partner under the name of Ryu & Ryu, P.C. in

offices in Vienna.

3. Defendant Wanda F. Bryant is, and at all relevant times was, treasurer of Warren

County. She is a constitutional officer under Art. 7 §4 of the Virginia Constitution, independent

of the county government, elected by the voters of Warren County to attend, among other things,

to the proper collection of taxes payable to the county. Ms. Bryant is sued in her individual

capacity and in her official capacity as Warren County Treasurer for her actions victimizing Mr.

Ryu.

4. Defendant Warren County is a Virginia County. It is sued for its official acts

victimizing Mr. Ryu.

5. Defendant Daniel N. Whitten is, and at all relevant times was, assistant county attorney for Warren County. At all relevant times, Mr. Whitten's office provided legal services to Warren County and also to Ms. Bryant in connection with her duties as county treasurer. Mr. Whitten is sued in his individual and official capacities for his acts victimizing Mr. Ryu.

Claim for Relief

<u>Mr. Ryu and CS Property, Inc.</u>

6. Mr. Ryu, who has been practicing law since 2004 and in Virginia since 2008, has a general practice and does bankruptcy work among other things.

7. In November, 2011, Mr. Ryu filed personal bankruptcy papers for certain clients. The clients, husband and wife, were officers of a Virginia corporation, CS Property, Inc. ("CS") that had an interest in certain property located at 451 S. Royal Avenue in Front Royal.

8. CS's registration with the state corporate authorities had lapsed, and the United States trustee in the bankruptcy case requested that the company be properly reinstated as a corporation, as an asset of the bankrupts' estates.

9. Mr. Ryu attended to reinstating their company with the Virginia State Corporation Commission, and to accommodate his clients, who did not live in Virginia, agreed to serve as the company's registered agent. His clients were named as president and secretary of the corporation, and its street address in Front Royal provided, on the registration information submitted to the Corporation Commission.

10. The Corporation Commission's data on corporations licensed to do business in Virginia is and at all times has been available on line. The information on CS was available to defendants at all times relevant hereto.

-3-

11. At no time did Mr. Ryu ever have any role in or relative to CS other than as its registered agent and then its initial attorney in its subsequent bankruptcy proceeding. He never served as an officer or director, nor was he an employee of the company.

12. At no time did Mr. Ryu ever hold himself out, or was he held out by others, to have any role in or relative to CS other than as its registered agent or its initial bankruptcy lawyer. At no time did he ever hold himself out, or was he held out by others, to serve as an officer or director, nor as an employee of the company.

13. *Code of Va.* §13.1-634(B) provides that: "The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

14. At all relevant times, Mr. Ryu properly fulfilled the duties incumbent upon him as registered agent for CS under *Code of Va.* §13.1-634(B).

### *Warren County v. CS Property*

15. At some time prior to February 25, 2013, CS apparently fell behind in payment of certain taxes to Warren County. On February 25, 2013, on behalf of the county treasurer, defendant Whitten sent a notice of delinquency to CS, at its address at 541 S. Royal Avenue in Front Royal, demanding payment of $12,774.10.

16. CS did not pay the taxes at issue.

17. On or about April 17, 2013, on behalf of defendant Bryant, defendant Warren County, acting through defendant Whitten, filed a warrant in debt against CS for unpaid taxes in the amount of $12,876.22.

18. The warrant stated that it was to be served on Mr. Ryu, who was expressly recognized on the face of the warrant as registered agent for CS. It was duly served on Mr. Ryu at his Vienna law office, and he duly forwarded it to the CS principals.

19. CS had no or insufficient assets to pay its debts. At the direction of his clients, on May 10, 2013 Mr. Ryu filed for bankruptcy on behalf of the company. Mr. Ryu duly listed the county's claim for taxes as a corporate debt, and this debt was duly included on the bankruptcy court's creditors' matrix in the case.

20. The bankruptcy court duly sent out notice of CS's bankruptcy and of the automatic stay of all proceedings pending against the bankrupt to all creditors listed on the creditor's matrix. This included Warren County at the Front Royal street address appearing in the caption of this case, which is the address for both the county and the county treasurer, defendant Bryant. A separate notice of bankruptcy and the automatic stay was mailed to the county's and/or treasurer's separate post office box, #1540, also in Front Royal.

21. Cognizant that the county's collection action had been stayed by the entry of the automatic stay, CS did not respond to the warrant in debt.

22. On or about June 19, 2013, in disregard of the automatic stay and in contempt of the bankruptcy court, defendants sought and received entry of default judgment against CS, which had not responded to the warrant in debt. Defendants did not alert the court to the stay.

23. Defendants' actions in this regard were in derogation of the automatic bankruptcy stay and constituted contempt of the bankruptcy court, and the resulting judgment was null and void.

24. Defendants did not take further action on the CS debt until January 2014. In that month, they issued a summons to answer debtor's interrogatories on April 2, 2014, premised on the void June 19, 2013 judgment. The summons was addressed to "Michael Hyunkweon Ryu, Reg. Agent" at his law office in Vienna.

25. Like the default judgment on which it was based, the summons to answer debtor's interrogatories was in derogation of the automatic bankruptcy stay, in contempt of the bankruptcy court, and null and void.

26. Mr. Ryu duly forwarded the summons to CS, as the company's registered agent.

27. CS did not respond to the summons.

28. On or about April 8, 2014, defendant Whitten, acting on behalf of defendants Warren County and Bryant, applied to the Warren County General District for issuance of a capias in light of CS's failure to appear in response to the void summons. This application was in derogation of the automatic bankruptcy stay and in contempt of the bankruptcy court.

29. Defendants' capias stated on its face that it was issued in the county's lawsuit against CS Property, in light of the defendant's failure to appear in response to the January summons.

30. The person identified on the face of defendants' application for a capias as the one to be arrested, was "Michael Hyunkweon Ryu, Reg. Agent."

31. On or about April 10, 2014, a judge of the Warren County General District Court issued a "Capias: Attachment of the Body (Civil)" expressly directing that Mr. Ryu be arrested and imprisoned.

-6-

32. On May 20, 2014, at about 11:20 a.m., Mr. Ryu was arrested in his law office by Town of Vienna police, acting on a Warren County capias. He was charged with having failed to respond to the county's interrogatories. He was handcuffed in his office parking lot, in full view of neighbors and passers-by, and taken by police car to the Falls Church police station, where he was processed and released.

33. On May 21, 2014, Mr. Ryu drove to Front Royal and appeared in Warren County General District Court. On this occasion he explained that he was merely the registered agent of CS and served the company in no other capacity other than as counsel, and had no business having been arrested. He also explained that the bankruptcy stay had been violated.

34. Notwithstanding Mr. Ryu's information, which was accurate, contradicted by no other information, and readily confirmed via the State Corporation Commission website and the bankruptcy court, defendant Whitten refused to seek dismissal of the capias. He did promise, however, to "look into" the matter and get promptly back to Mr. Ryu.

35. Defendant Whitten did not get back to Mr. Ryu as promised. As a result, Mr. Ryu had to return to Front Royal on June 4 to respond to the capias. On this occasion, defendants asked the judge to dismiss the capias, and the judge did so.

36. Mr. Ryu's wrongful arrest caused him personal and professional injury. An officer of the courts wherein he practiced, he suffered the mental distress of having nevertheless been publically arrested. Thereafter, he had to explain his arrest to an irate client who had appeared for a scheduled consultation shortly after Mr. Ryu had been arrested. Mr. Ryu's wife, who is his law partner, was so shocked and distressed at seeing her husband arrested that she threw up in the restroom immediately thereafter, as Mr. Ryu learned on returning, to his further distress. He

-7-

suffered humiliation, embarrassment and emotional distress as a result of defendants' actions. He also suffered the loss of time and expense associated with traveling twice from Fair Lakes to Front Royal and back before the bogus charges against him were dismissed.

37. Defendants' actions in causing Mr. Ryu to be arrested were in knowing disregard of Mr. Ryu's clearly established rights. The fact that Mr. Ryu was CS's registered agent and, for a period, its bankruptcy lawyer, was known or readily known to all defendants. The fact that he had no responsibility to respond personally to defendants' summons to CS to answer debtor's interrogatories was clearly established under black letter Virginia law known to defendants. As a matter of clearly established Fourth Amendment law, there existed no probable cause to arrest Mr. Ryu for CS's default in responding to that summons.

38. It was also clearly established as a matter of federal bankruptcy law that defendants' default judgment, summons to answer interrogatories, and application for issuance of a capias, were null and void *ab initio*, as being in derogation of the automatic bankruptcy stay imposed upon the commencement of CS's bankruptcy and in contempt of the bankruptcy court. For this separate reason as well, there existed no probable cause to arrest Mr. Ryu for CS's default in responding to the summons.

39. The actions of defendants Bryant and Whitten in causing Mr. Ryu to be arrested were knowing, willful and reckless; alternatively, they were grossly negligent and in derogation of settled law. The actions of Mr. Whitten in refusing to secure the prompt dismissal of the charges against Mr. Ryu on May 21, 2014 were also malicious.

## Causes of Action

### Count I: Violation of Fourth Amendment

40. By their actions set forth above, defendants violated Mr. Ryu's right to be secure from the unreasonable seizure of his person, in violation of the Fourth Amendment of the United States Constitution.

### Count II: Malicious Prosecution

41. By their actions set forth above, defendants maliciously prosecuted Mr. Ryu.

### Count III: False Arrest

42. By their actions set forth above, defendants caused Mr. Ryu to be falsely arrested.

* * *

Wherefore, Mr. Ryu requests an order of the court granting him the following relief:

* An award of his actual damages jointly and severally against all defendants, appropriate to the proof at trial,

* An award of punitive damages against defendants Bryant and Whitten, appropriate to the proof at trial,

* His costs, including reasonable attorney's fees, and

* Such other relief as is just.

Mr. Ryu requests trial by jury.

Respectfully submitted,

MICHAEL H. RYU,

By counsel

Dated:   February 13, 2015

Counsel for Plaintiff:

Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
RyuMichael\Pleadings\Complaint

-10-