UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1421

MICHAEL H. RYU,

    Plaintiff - Appellant,

 v.

DANIEL N. WHITTEN,

    Defendant - Appellee,

  and

WANDA F. BRYANT; WARREN COUNTY, VIRGINIA,

    Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:15-cv-00202-CMH-JFA)

Argued: March 23, 2017                Decided: April 6, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

**ARGUED:** Maxwelle C. Sokol, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Julia Bougie Judkins, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellee. **ON BRIEF:** Victor M.

Glasberg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael H. Ryu brought this action raising federal and state law claims against Daniel Whitten, the Assistant County Attorney for Warren County, Virginia. The district court granted summary judgment to Whitten. For the reasons that follow, we affirm the grant of summary judgment on Ryu's federal claims, vacate the judgment on the state law claims, and remand to the district court to dismiss Ryu's state law claims without prejudice.

I.

Ryu, a Virginia attorney, is the registered agent (but not an officer) for CS Property, Inc. Whitten's responsibilities as assistant county attorney include instituting collection proceedings on behalf of the county treasurer. In June 2013, Whitten obtained a default judgment against CS Property on a claim for delinquent taxes and fees.

In January 2014, Whitten issued a Summons to Answer Interrogatories in connection with the default judgment in the delinquency action. The summons identified "Michael Hyunkweon Ryu, Reg Agent" as the "Respondent (*) Same as Defendant." The summons commanded that the respondent appear in court on April 2, 2014 to answer the County's "questions concerning property and assets of Judgment Debtor(s) which are held or controlled by the Respondent." It also contained a warning that failure to appear might make the respondent subject to arrest. Ryu was personally served with the summons. He forwarded it to an officer of CS Property. But neither he nor anyone else appeared in court to respond to the summons.

If a person summoned to answer interrogatories fails to appear, Virginia law allows the court to issue a capias, or bench warrant, for that person's arrest. Va. Code Ann. § 8.01-508. Whitten requested a capias for the arrest of Ryu, explaining that Ryu had "fail[ed] to appear on 04/02/2014 in Warren Co General District Court after having been summonsed to answer interrogatories." On April 10, 2014, a clerk issued the requested capias instructing police officers to arrest "Ryu, Michael Hyunkweon/Reg Agent."

Six weeks later, police officers arrested Ryu at his law office and took him to a detention center where he was processed. Ryu was released on an unsecured bond with directions to appear for a hearing the next day. After Ryu informed Whitten that he was only a registered agent and thus not a proper person to respond to the County's interrogatories, Whitten moved to dismiss the capias, and the judge dismissed it.

Ryu filed this action against Whitten, alleging a claim pursuant to 42 U.S.C. § 1983 that Whitten's request for a capias violated Ryu's Fourth Amendment rights. Ryu also raised state law claims for malicious prosecution, false arrest, and gross negligence.[1] Although the court had earlier dismissed Warren County as a defendant, Ryu's third amended complaint raised the Fourth Amendment claim against Whitten in his individual *and* official capacities and asserted that the County was liable to Ryu under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because his injury was caused by an unconstitutional County policy, practice, or custom.

---

[1] Ryu also raised a due process claim against Whitten in his individual and official capacities, the dismissal of which he does not appeal.

II.

Whitten moved for summary judgment on all claims and Ryu filed a cross-motion for partial summary judgment on his constitutional claims. The district court granted Whitten summary judgment.

The court held that Whitten was entitled to qualified immunity on all claims — federal and state — asserted against him in his individual capacity. The court explained that "[t]he relevant factual inquiry here is whether a reasonable assistant county attorney could have believed that his conduct was lawful." The court held that Ryu had provided no evidence that Whitten had acted unreasonably and "no evidence to support a knowing, intentional violation by Defendant of Plaintiff's clearly established constitutional rights." The court also granted summary judgment on the *Monell* claim, finding that there was insufficient evidence to establish an official policy or custom and that neither Whitten nor the County Attorney were final policymakers. Ryu timely noted this appeal.

We review de novo the district court's grant of summary judgment. *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). A court may grant summary judgment if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine disputes of material fact and the moving party demonstrates entitlement to judgment as a matter of law. *Id.*

III.

A court assesses the reasonableness of an arrest warrant by determining whether, given the information available to the official at the time, he had a reasonable belief that

5

the individual to be arrested had committed an offense. *See Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

Ryu argues that Whitten violated his Fourth Amendment rights by arresting him, only a registered agent, for a corporation's failure to discharge its obligations. Whitten responds that, although Ryu might not have been the proper person to request to answer interrogatories — and therefore the Summons to Answer Interrogatories might have been voidable — Ryu was obligated to appear as requested after receiving service. Whitten contends that once Ryu failed to appear, there was probable cause to request the capias. He argues that Ryu was not arrested because he was the registered agent of a corporation that failed to appear, but rather because he failed to appear when individually summoned. We agree.

Although Virginia law allows creditors to summon only officers of a corporation to answer interrogatories posed to the corporation, Va. Code Ann. § 8.01-506(A), and although Whitten may have been negligent in assuming Ryu was a corporate officer, Whitten did not violate Ryu's Fourth Amendment rights by obtaining the summons. A summons requiring no more than a court appearance, without additional restrictions, does not constitute a Fourth Amendment seizure. *See, e.g.*, *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010); *Martinez v. Carr*, 479 F.3d 1292, 1299 (10th Cir. 2007); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005); *Britton v. Maloney*, 196 F.3d 24, 30 (1st Cir. 1999); *DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999).

And it is clear from the face of the summons that it required Ryu to appear in court. He is the only individual listed on the summons and he is identified as the

"Respondent (*) Same as Defendant." Once Ryu failed to appear as ordered, Whitten had probable cause to request his arrest.

Accordingly, because there was no Fourth Amendment violation, both Ryu's Fourth Amendment claim against Whitten in his individual capacity and his *Monell* claim against Warren County fail. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (explaining that there can be no municipal liability absent an underlying constitutional injury at the hands of an individual official).

IV.

As to Ryu's state law claims, because we affirm the grant of summary judgment on all of Ryu's federal claims, no reason exists to exercise supplemental jurisdiction over his pendant state law claims; rather they should be dismissed without prejudice. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that where a federal claim drops out before trial, a federal court should generally not retain jurisdiction over the state law claims).[2]

---

[2] Under the circumstances of this case, fairness and judicial economy do not militate in favor of retaining jurisdiction over the pendant state law claims. The district court did not consider Ryu's state law claims on the merits. And the statute of limitations has not yet run on these claims. *See* Va. Code Ann. § 8.01-229(E)(1) (providing that when a cause of action is dismissed without determining the merits, the statute of limitations is tolled from the commencement of the suit).

V.

For the forgoing reasons, we affirm the judgment of the district court as to Ryu's federal claims, vacate the judgment as to the state law claims, and remand to the district court to dismiss the state law claims without prejudice.

*AFFIRMED IN PART AND VACATED AND REMANDED IN PART*